

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

Grover Sellers
~~WILLOWSON~~ON
ATTORNEY GENERAL

Honorable Nelson Greeman, Secretary-Treasurer
Texas State Board of Examiners in Optometry
Majestic Building
San Antonio, Texas

Dear Sir:

Opinion No. 0-6900

Re: Whether under the facts pre-
sented registrant for appren-
ticeship through the study of
optometry not less than two
years in the office of a li-
censed optometrist has waived
his rights under the provisions
of Title 71, Chapter 10 of the
Revised Civil Statutes of Texas,
1925.

We have fully considered your request for our opinion by letter
dated April 18, 1946, enclosing therewith your file relating to a particu-
lar applicant. We thank you for the additional information furnished under
date of June 19th, 1946 at our request. Having reviewed the authorities
which we hereinafter discuss, together with the file with the additional
information which we are returning to you herewith, we have concluded
that your request presents the sole questions set forth in the above caption
which we may consider the only issue presently existing between the
applicant and the Texas State Board of Examiners in Optometry, to be passed
on by us in keeping with your request.

Your file exhibits what applicant apparently relies on as an
application received by the Secretary of the Board on August 19, 1938, which
application you state was not accepted, as being on the wrong form mailed
to applicant by the Secretary of the Board through error. Under date of
August 22, 1938, applicant was so informed and proper application was
directed to him. The Secretary's file does not reflect that this application
form was ever returned by applicant or received by the Secretary of the Board.

There is shown in the file, however, a letter dated July 28,
1939, addressed to Dr. R. B. Hodges, Secretary, Texas State Board of
Examiners, 813 Houston Street, Fort Worth, Texas, which letter we herein-
after quote as follows:

"Dear Dr. Hodges:

"It is my intention to continue my study of optometry under Dr. O. W. White.

"Under the new Texas Optometry Law which was signed by Governor Lee O'Daniel, I am to notify the Secretary of the Board of same within 30 days after effective date.

"Kindly register my name under the provision provided for by the law so that I will come under the provisions of Chapter 51, acts of the Thirty-seventh Legislature, First called Session.

"Thanking you to give this your attention.

Sincerely,

(signed by applicant)"

The pertinent articles of Chapter 10, Title 71 of the Revised Civil Statutes of 1925, prior to their amendment in 1939 are Articles 4556, 4557, and 4559 with Article 4557 being subsequently amended in 1945. These articles as they existed in the Revised Civil Statutes of 1925, taken from the original act of 1921, are as follows:

"Art. 4556. Record of proceedings.--The Board shall preserve a record of its proceedings in a book kept for that purpose, showing the name, age, place and present residence of each applicant, the name and location of any school of optometry from which he holds credentials, and the time devoted to the study and practice of same, together with such other information as the board may desire to record. Said record shall also show whether applicants were rejected or licensed and shall be prima facie evidence of all matters contained therein. The secretary of the board shall on March first of each year send a certified copy of said record to the Secretary of State for permanent record a certified copy from which, with hand and seal of the secretary of said board, or the Secretary of State, shall be admitted as evidence in all courts. When a license or certificate is issued it shall be numbered and recorded in a book kept by the secretary of the board."

"Art. 4557. Application for license.--Whoever desires to begin the practice of optometry shall

make application for license by presenting to the sec-
retary of the board, on forms furnished by the board,
satisfactory sworn evidence that he or she has at-
tained the age of twenty-one years, is of good moral
character, and has graduated from a school of optome-
try maintaining a standard which meets with the re-
quirements of said board, or has studied optometry
in Texas not less than two years in the office of
an optometrist licensed under this law before taking
the examination which shall be prescribed by
the board."

"Art. 4559. Examinations.--Each applicant
shall be given due notice of the date and place of
examination. All examinations shall be conducted in
writing and by such other means as the board shall
determine adequate to ascertain the qualifications
of applicants, and in such manner as shall be entirely
fair and impartial to all individuals and every recog-
nized school of optometry. All applicants examined at
the same time shall be given identical questions. The
board may refuse to admit persons to its examination
or to issue licenses for any of the following reasons:

"1. The presentation to the board of any un-
true statement or any document or testimony which was
illegally or fraudulently obtained, or when fraud or
deceit has been practiced in passing the examination.

"2. Conviction of a felony, or of a misde-
meanor which involves moral turpitude.

"3. Other grossly unprofessional or dishonor-
able conduct of a character likely to deceive or de-
fraud the public, or for habits of intemperance or
drug addiction. . ."

The 46th Legislature, Acts of 1939, amended Article 4559, supra,
adding the following proviso:

"Provided that no provision of this section
(Act) shall apply to any qualified person who in
good faith began the study of optometry under the
provisions of Chapter 51, Acts of the Thirty-seventh
Legislature, First Called Session, prior to the ef-
fective date of this Act, and who shall, within
thirty (30) days after such effective date, regis-
ter with the Secretary of the Board, under proper
rules of the Board, satisfactory proof of the be-

ginning of such study, together with such other
related facts as the Board may require. \ny person
failing to register with the Secretary to the Board
as herein provided shall be deemed to have waived
all rights under the provisions of Chapter 51, Acts
Thirty-seventh Legislature, First Called Session."

Later in amending Article 4557 which Article was also amended
by the 46th Legislature, \cts of 1939, but which amendment we consider
immaterial to the question before us, the 49th Legislature, \cts 1945,
Chapter 313, expressly provided that no provision of the section as amended
shall apply to any qualified person who in good faith began the study of
optometry and so filed intention with the Texas State Board of Examiners
in Optometry under the provisions of Title 71, Chapter 10 of the Revised
Civil Statutes of Texas, 1925, as amended, prior to the effective date
of this Act. It further provides that such applicant must register within
the time specified. A letter appearing in the file from the applicant,
dated June 28th, 1945, and addressed to the Secretary of the Board, appears
to substantially meet this requirement of registering, being received within
30 days from June 2nd, 1945, effective date of the amendment.

We are mindful that the original act of 1921, Article 4553,
Revised Civil Statutes, 1925, vests in the Board authority to prescribe
rules, regulations, and by-laws in harmony with the provisions of this
chapter for its own proceedings and government and for the examination of
applicants for license to practice optometry. The present file, however,
does not disclose sufficient evidence or any rules, regulations, or by-laws
sufficient to cut off applicant's rights sought to be preserved under
Chapter 10, Title 71 of the Revised Civil Statutes, 1925.

It is the considered opinion of the department under the facts
presented and authorities above cited that the applicant has substantially
complied with the requirements and is entitled to be recognized as a
registrant under and subject to the provisions of Chapter 51, Acts 37th
Legislature, First Called Session, being Title 71, Chapter 10 of the Revised
Civil Statutes of 1925. Upon furnishing to the Board satisfactory sworn
evidence that he has attained the age of 21 years, is of good moral cha-
racter, and in good faith began the study of optometry on August 19,
1938, under Chapter 10, Title 71, Revised Civil Statutes, 1925, and
accordingly satisfies the Board that he has studied optometry in Texas not
less than 2 years in the office of an optometrist licensed under the law,
applicant should be permitted to take the examination.

APPROVED JULY 5, 1946                          Yours very truly,
Carlas C. Ashley
First Assistant Attorney General          ATTORNEY GENERAL OF TEXAS


                                          By        Wm. J. R. King
WJRK/JCP                                                 Assistant